UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FABICS, et al. | : Civil Action No.: 13-6025 (FLW) |
| Plaintiffs, | : |
| v. | : MEMORANDUM OPINION |
| | : AND ORDER |
| CITY OF NEW BRUNSWICH, et al., | : |
| Defendants. | : |

This matter comes before the Court on the Motion of Plaintiffs to Amend the Complaint [dkt. no. 8]. Defendants have opposed this Motion [dkt. nos. 11 and 12]. For the reasons specified below, Plaintiffs' Motion is **DENIED**, without prejudice. Moreover, the Court will disregard Plaintiffs' later filed Proposed Amended Complaint [dkt. no. 13].

The facts and procedural history of this case are known to the Parties and need not be recited here at length. On January 29, 2014, Plaintiffs filed a Motion to Amend the Complaint, which asserted claims particular to Plaintiff Combs, who resides in North Brunswick. See dkt. no. 8. No proposed amended Complaint was submitted with Plaintiffs' Motion to Amend, as required by Local Civ. R. 7.1(f). Over a month later, on March 3, 2013, the original Plaintiffs and "additional new plaintiffs" (i.e., Soliman A. Youssef, Nina Hoff, Nadeem Shahadi, Ann R. Schildknecht, and Wendell Sellers) filed an "Amended Complaint" which was later renamed a "Proposed Amended Complaint" on the docket. See dkt. no. 13. However, Plaintiffs' Proposed Amended Complaint differed in various material respects from their Motion to Amend. Specifically, in addition to adding additional Plaintiffs, the Proposed Amended Complaint added new Defendants (i.e., South Brunswick and its agents, Highland Park and its agents, and

Montclair and its agents), and nearly three dozen factual allegations to the existing twelve-count Complaint.  See Def.'s Ltr., dated March 12, 2014, at Ex. A (highlighted portions).

Plaintiffs' failure to attach a Proposed Amended Complaint to their Motion to Amend is problematic, since "[t]he purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading."  Folkman v. Roster Financial, 2005 U.S. LEXIS 18117 (D.N.J. Aug. 16, 2005).  Indeed, failure to comply with this Rule has resulted in the denial of motions to amend.  See, e.g., Bijeau-Seitz v. Atl. Coast Mortg. Servs., 2013 U.S. Dist. LEXIS 90877 (D.N.J. June 28, 2013) (denying leave to amend "for failure to comply with the Local Rules"); McCluney v. City of Newark, 2013 U.S. Dist. LEXIS 80065 (D.N.J. June 7, 2013) ("Without a proposed pleading the parties and the Court cannot evaluate whether the pleading would be futile or suffer any other deficiency.  Accordingly, Defendant's request to amend is hereby denied.").  Nonetheless, when Plaintiffs are pro se, courts have occasionally refrained from denying the Motion to Amend with prejudice.  See, e.g., Glazewski v. Corzine, 2008 U.S. Dist. LEXIS 55470 (D.N.J. July 22, 2008) (Shwartz, M.J.) (where plaintiff was pro se, noncompliance with Rule led to denial of motion "without prejudice to his re-filing the motion with the proposed pleading").

Accordingly, Plaintiffs' Motion to Amend is denied, without prejudice.  In addition, the Court will disregard Plaintiffs' later filed Proposed Amended Complaint, which was filed without permission of the Court or an accompanying Motion, and which also varies materially from the amendments noted in Plaintiffs' earlier Motion to Amend.  As this Motion is denied without prejudice, Plaintiffs may file another Motion to Amend in accordance with the Federal Rules of Civil Procedure Local Civil Rules.  Otherwise, going forward, the operative Complaint in this matter remains the initial Complaint, filed on October 3, 2013 [dkt. no. 1].

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 31st day of March, 2014,

**ORDERED** that Plaintiffs' Motion to Amend [dkt. no. 8] is **DENIED**, without prejudice; and it is further

**ORDERED** that the Court disregard Plaintiffs' Proposed Amended Complaint [dkt. no. 13].

<u>s/ Douglas E. Arpert</u>
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**