**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOSEPH FABICS, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 13-6025 |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF NEW BRUNSWICK, et al. | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 49) and Motion to Amend (ECF No. 50). Defendants the City of New Brunswick and its Agents, the City of Garfield and its Agents, and the Township of North Brunswick and its Agents oppose both motions. (ECF Nos. 51–54, 57, 60). The Borough of Highland Park and the Township of Monclair oppose only the Motion to Amend. (ECF Nos. 55–56). The Court has decided the Motions after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' motions will be denied.

## BACKGROUND

On October 2, 2013, Plaintiffs Joseph Fabics, Paul Dean, Moses Williams, Unita Peri-Okonny, Ellen Heine, Robert T. Dow, Tom Combs, Theodoro Pagan, Susan Miller, and Peter Martins filed an "omnibus" Complaint *pro se* against the City of New Brunswick and its Agents ("New Brunswick"), the Township of North Brunswick and its Agents ("North Brunswick"), the

1

City of Garfield and its Agents ("Garfield") and the Commissioner of the Department of Community Affairs (the "Commissioner").  Plaintiffs' Complaint asserts twelve counts, each apparently arising out of Plaintiffs' various encounters with the several Defendants named in the caption of the Complaint.  As best as the Court can decipher, Plaintiffs appear to assert that their rights have been violated through unlawful/unauthorized "administrative searches" of their residents, purportedly in conjunction with the enforcement of certain municipal health and safety codes, as well as through municipal rent control laws.

Thereafter, Plaintiffs filed a Motion to Amend their Complaint on January 29, 2014.  This Motion failed to include a copy of the proposed Amended Complaint, thereby violating Local Rule of Civil Procedure 7.1(f).  Subsequently, on March 3, 2014, Plaintiffs filed an Amended Complaint without leave of the Court, which sought to add five new plaintiffs and three additional defendants.  Two days later, on March 5, 2014, Plaintiffs submitted additional documentation to the Court, advising of their intention to file what they referred to as a "First Amended Complaint."  They asserted that this document would "modif[y] certain matters that were in the 'Amended Complaint' that was submitted on March 3, 2014."  (*See* ECF No. 15).

As this Motion was pending, the Honorable Freda L. Wolfson, U.S.D.J.,[1] issued a Letter Order on March 21, 2014, in which Plaintiffs were ordered to appear before the Court to show cause as to why Plaintiffs' claims in the Original Complaint should not be severed as to any improperly joined parties, with the Plaintiffs to refile separate, individual actions against the proper Defendants.  (*See* ECF No. 19).  Judge Wolfson explained:

> [E]ven under a liberal construction, Plaintiffs' Complaint appeared to be deficient under Rule 20.  The Complaint lacks claims based on a common transaction, occurrence, or series of transactions or occurrences, as well as on a question of law or fact common to all Plaintiffs and all Defendants.  Thus, neither Plaintiffs nor

---

[1] On April 16, 2014, this matter was reassigned to the Honorable Joel A. Pisano, U.S.D.J.  On August 24, 2015, this matter was reassigned again to the Honorable Anne E. Thompson, U.S.D.J.

> Defendants appear to be properly joined in the single Complaint.  It is unclear what relation, if any, exists between the several Defendants that would support the joinder of Plaintiffs' discrete claims.  Moreover, it is further unclear whether even those claims Plaintiffs assert against a single Defendant, for example, Defendant New Brunswick, arise out of the same transaction or occurrence that would support joinder.

(*Id.* at 3).  Judge Wolfson also dismissed the claims against North Brunswick, finding that the Complaint lacked any fact or claim pertaining to North Brunswick.

Thereafter, on March 31, 2014, the Honorable Douglas E. Arpert, U.S.M.J., issued a Memorandum Order and Opinion, in which he denied without prejudice Plaintiffs' Motion to Amend their Complaint, and further advised that the Amended Complaint, which was filed without leave of the Court, would be disregarded.  Accordingly, the operative Complaint remained the initial Complaint, filed on October 3, 2013.  (*See* ECF No. 20).  Because the Court's order specified that Plaintiffs' motion was denied without prejudice, Plaintiffs were free to file another motion to amend consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

On April 7, 2014, Plaintiffs filed a second Complaint under docket number 3:14-cv-02202 (PGS/TJB) (hereinafter, the "New Action").  On the same day, Plaintiffs filed a motion to consolidate in this action, seeking to consolidate the New Action with this matter.  Thereafter, Defendants Garfield and New Brunswick separately filed motions to dismiss this action.

On November 13, 2014, the Court[2] denied Plaintiffs' motion for consolidation, and dismissed Plaintiffs' Complaint in its entirety.  Judge Pisano found that the New Action Complaint was nearly identical to the Amended Complaint that the Court advised the parties it would disregard.  The Court agreed with Defendants that Plaintiffs appeared to file the New

---

[2] This matter was reassigned to the Honorable Joel A. Pisano, U.S.D.J., on April 16, 2014. Because of the reassignment, the then-pending order to show cause was cancelled and never rescheduled.

Action Complaint in an attempt to circumvent the Orders issued in this matter, and advised

Plaintiffs that they could not avoid the procedural requirements of the Federal Rules and the

Local Rules or Orders from the Court.  Therefore, the Court denied the motion for consolidation,

dismissed the New Action Complaint with prejudice, and administratively terminated the New

Action as duplicative of this matter.  As the New Action was in front of the Honorable Peter G.

Sheridan, U.S.D.J., and not in front of Judge Pisano, an order was entered in the New Action

dismissing the New Action Complaint with prejudice, and echoing Judge Pisano's finding that

the New Action was duplicative of this matter.

Judge Pisano then dismissed the entire matter without prejudice, finding that the

Complaint failed to abide by the requirements of Rule 8.  The Court explained:

> [T]he vast majority of the twelve counts in Plaintiffs' Complaint fail to identify
> facts related to any party—Plaintiffs or Defendants—sufficient to state a claim.
> Throughout the entire Complaint, Plaintiffs use hypothetical situations and
> hyperbolic language and make unintelligible claims for relief.  Plaintiffs rarely
> reference any specific acts alleged to have been committed against any specific
> Plaintiff by the Defendants.  Even when a specific Plaintiff is mentioned, no date,
> time, or other point of reference are set forth sufficient to provide notice to the
> Defendant regarding the nature of the claim against which they have to defend;
> accordingly, the majority of Plaintiffs' Complaint fails to meet the requirements of
> Rule 8 . . . .

(ECF No. 48).  The Court also found the crux of the Complaint revolved around the alleged

unconstitutionality of a certain New Brunswick ordinance; however, the Court found nothing on

the face of the ordinance at issue that violated the Fourth Amendment, as it allowed for a

property owner to refuse entry to an inspector without a warrant.  The Court explained that if

Plaintiffs wished to argue that the ordinance was being applied in an unconstitutional manner by

New Brunswick, they must allege facts sufficient to establish such a claim.

Finally, the Court found that the Complaint in its current form violated Rule 20.  As

Judge Pisano explained:

4

Even under the most liberal construction of Plaintiffs' Complaint, and even considering the various certification submitted by Plaintiffs, the Court cannot ascertain any transaction, occurrence, or series of transactions that is common to *all* Plaintiffs and *all* Defendants—nevertheless a question of law or fact that is common to *all* the parties.  Plaintiffs cannot rely on the general fact that Defendants are all municipalities in New Jersey to establish the necessary requirements of joinder.  Overall, while the requirements under Rule 20 are to be liberally construed, it is not a license to join unrelated claims and defendants in one lawsuit.

(*Id.* (internal quotation marks and citations omitted)).  Accordingly, the Court dismissed the Complaint in its entirety for failing to comply with Rule 8.  The Court granted Plaintiffs thirty days to file an Amended Complaint in accordance with the Federal Rules, and expressly stated that "[a]ny Plaintiffs who are not properly joined under Rule 20 must file separate, individual actions against the proper Defendant(s)."  (*Id*).

Plaintiffs thereafter filed the pending Motion for Reconsideration on November 24, 2014.  On December 14, 2014, Plaintiffs filed a Motion to Amend their Complaint, and attached a proposed amended Complaint.   These matters are now before the Court.

<u>STANDARDS</u>

**Motion for Reconsideration**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil R. 7.1.  Pursuant to Local Civil Rule 7.1(i), a party moving for reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]"  L. Civ. R. 7.1(i).  Motions for reconsideration are considered "extremely limited procedural vehicles."  *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Indeed, a timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'"  *Carmichael v.*

*Everson*, Civil Action No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *2-3 (D.N.J. 2004)

(quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216,

1220 (D.N.J. 1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d

Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's

decision, and 'recapitulation of the cases and arguments considered by the court before rendering

its original decision fails to carry the moving party's burden.'"  *G-69 v. Degnan*, 748 F. Supp.

274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709

(D.N.J. 1989)). In other words, "a motion for reconsideration should not provide the parties with

an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*., 16 F. Supp. 2d 511, 533

(D.N.J. 1998) (citation omitted). Rather, a difference of opinion with the court's decision should

be dealt with through the appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A.,*

*Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998). Finally, the Court will only grant such a motion if the

matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. NCAA*,

130 F. Supp. 2d 610, 613 (D.N.J. 2001).

**Motion to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only

with the opposing party's written consent or the court's leave" and "[t]he court should freely

give leave when justice so requires."  Fed. R. Civ. P. 15(a).  The decision to grant leave to amend

rests within the sound discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research*

*Inc.*, 401 U.S. 321, 330 (1970).  In determining a motion for leave to amend, courts consider the

following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or

dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple

prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the

amendment.  *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,

174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court should only

deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v.

Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

ANALYSIS

**Motion for Reconsideration**

   With regards to the motion for reconsideration, Plaintiffs have failed to carry their

burden, particularly considering the high standard of review, and the fact that relief under the

rule is granted sparingly.  *See, e.g.*, *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

Plaintiffs do not argue that there was an intervening change in controlling law, or that new

evidence has come to light that was not available when the Court decided the motion to dismiss.

Liberally interpreted, it appears that Plaintiffs are attempting to argue that the motion for

reconsideration should be granted "to correct a clear error of law or fact to prevent manifest

injustice." *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.

1999).  Plaintiffs, however, have failed to meet this standard.

   First, Plaintiffs assert that the Court improperly dismissed Garfield as a defendant

because its motion had been administratively terminated, and that the Court improperly

dismissed the Commissioner of the Department of Community Affairs because it has not yet

answered or moved to dismiss the Complaint.  This argument lacks merit.  The Court dismissed

the Complaint in its entirety because it failed to satisfy the plausibility standards under Rule 8;

accordingly, dismissal of the entire action was warranted, regardless of who had answered or

moved to dismiss the Complaint.

7

Next, Plaintiffs take issue with the Court's finding that the New Action was improperly filed and duplicative of the current matter.  They state that the New Action Complaint had more defendants and causes of action, making it a different complaint.  Plaintiffs appear to rely upon an order filed by Judge Arpert in asserting that their motion for consolidation should not have been denied.  Plaintiffs' position, however, is premised on either a misreading or misunderstanding of Judge Arpert's order.  Contrary to their assertions, at no point did Judge Arpert undertake or articulate a comparison between this action and the New Action.

More significantly, however, this argument boils down to a disagreement with the Court's ruling on the motion for consolidation, which is an inappropriate basis for a motion for reconsideration.  *See Raritan Baykeeper, Inc. v. NL Indus.*, Civil Action No. 09-cv-4117, 2014 U.S. Dist. LEXIS 294, at *7 (D.N.J. Jan. 2, 2014) (explaining that asking the court to "rethink what [it] already thought through—rightly or wrongly" does not meet the requirements for reconsideration); *Bermingham v. Sony Corp. of Am.*, 820 F. Supp. 834, 856 (D.N.J. 1993) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before.").  In addressing the motion to consolidate, the Court reviewed the two Complaints and found the Second Action Complaint to be nearly identical to the proposed Amended Complaint that was essentially stricken by the Court in this matter.  Indeed, it appeared to the Court that Plaintiffs were ignoring the directives of this Court, as well as the Federal Rules and Local Rules, by filing a new action as opposed to moving to amend the Complaint.  Accordingly, the Court denied the motion for consolidation and administratively terminated the Second Action as duplicative.  Plaintiffs' arguments in the motion for reconsideration are, for the most part, nothing more than a rehashing of their prior arguments made with regard to their motion for consolidation.  A motion for reconsideration, however, is

not a procedural mechanism that provides parties with the opportunity to take such a "second bite at the apple." *See Tischio*, 16 F. Supp. 2d at 533.  Accordingly, these arguments are meritless.

Further, Plaintiffs' motion fails to offer any compelling reason why the Court should reconsider its decision on the motion to dismiss.  The Court's denial of the motion to consolidate on the basis that the Second Action Complaint was duplicative of this action had no impact on the Court's finding that the Complaint failed to set forth a plausible claim, and therefore failed to meet the requirements under Rule 8.  All of Plaintiffs' arguments are, therefore, either irrelevant to the present case, or have already been addressed by the Court.  Plaintiffs have failed to articulate any change in the law since the Court has dismissed the Complaint, or present any new evidence, or point to any type of error made on the part of the Court in its Opinion on the motion to dismiss.  They simply rehash their same arguments that the parties are properly joined and that the Complaint in this matter and the New Action Complaint are not duplicative.  There is no indication that a denial of their motion for reconsideration would otherwise result in the requisite manifest injustice—indeed, such a burden would be hard to meet here, where Plaintiffs were given leave to amend their Complaint.  For these reasons, and because the relief sought should only be awarded sparingly, their motion must be denied.

**Motion to Amend**

Next, Plaintiffs' motion to amend their Complaint must also be denied.  As an initial matter, the Court notes that Plaintiffs' motion, once again, disregards the Court's directives.  Plaintiffs were given thirty days to file an appropriate and proper Amended Complaint.  Plaintiffs, however, ignored that directive and filed the pending motion out of time, and attached an Amended Complaint that, as discussed below, does not comply with the Federal Rules.

Accordingly, because the proposed amendments to the Complaint are futile, the Court must deny the motion to amend.

First, Plaintiffs' proposed Amended Complaint fails to rectify its Rule 8 problems. The proposed Amended Complaint, once again, reads as an attempt at a manifesto by the Plaintiffs; while the proposed Amended Complaint is full of hyperbolic language and hypotheticals, it falls short on factual allegations that indicate how Plaintiffs' rights were violated in this case.

In their Motion to Amend and proposed Amended Complaint, Plaintiffs have stated for the first time that they seek to have the Court "enforce the protections of the International Universal Declaration of Human Rights" through certain declaratory relief. Plaintiffs feel that the various municipalities of New Jersey named in this action, as well as the State itself, have enacted various ordinances or policies which they feel violate either the Constitution or fail to advance or reflect the goals of the United Nations Conference on Human Settlements (Habitat II).[3] This issue appears to be the crux of Plaintiffs' proposed Amended Complaint, and the impetus for their bringing this matter. *See* Pls.' Reply Br. at 1 ("Our case is for the purpose of bringing all of the state and local inspection schemes into alignment with the rights of residents that are guaranteed by the United States Constitution and the New Jersey Constitution, as well as the laws, statutes and Ordinances that provide protections for residents."). Indeed, Plaintiffs' proposed Amended Complaint generally proceeds by "explaining" a municipal ordinance and how it is "wrong," before asking the Court to have the State and its municipalities enforce their ordinances and/or statutes in a "better" way.

---

[3] Plaintiffs repeatedly reference "Habitat II," or the second United Nations on Human Settlements. Habitat II was held in Istanbul, Turkey in 1995, twenty years after Habitat I. Its purpose was "to address two themes of equal global importance: 'Adequate shelter for all' and 'Sustainable human settlements development in urbanizing world.'" *See United Nations Key Conferences—Outcomes on Human Settlements*, http://www.un.org/en/development/devagenda/habitat.shtml (last visited August 24, 2015).

Such complaints, however, do not establish the kind of particularized injury necessary for Article III standing.   This Court lacks jurisdiction over these types of "generalized grievance[s] shared in substantially equally measure by all or a large class of citizens."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal citations omitted).  A citizen cannot seek judicial relief simply to vindicate a belief in the need for better, or even lawful, conduct by the government or public officials.  It is well established that "Article III requirements of standing are not satisfied by the abstract injury in nonobservance of the Constitution asserted by citizens." *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482-83 (1982) (internal quotation marks and alterations omitted).  Likewise, standing cannot be "predicated on the right, possessed by every citizen, to require that the Government be administered according to law," because "[s]uch claims amount to little more than attempts to employ a federal court as a forum in which to air . . . generalized grievances about the conduct of government." *Id.* (internal quotation marks, alterations and citations omitted).   Accordingly, to the extent that Plaintiffs' proposed Amended Complaint relies upon a mutual feeling of discontent about the perceived unconstitutionality of certain municipal ordinances and the actions or inactions of the municipal and state government, Plaintiffs lack standing to air such grievances.  Therefore, amendment would be futile, and the motion must be denied.

While the proposed Amended Complaint establishes that Plaintiffs are primarily concerned with the general enforcement of various municipal ordinances throughout the State, the Court will briefly address the more particularized claims that could exist within the proposed Amended Complaint.  The proposed Amended Complaint contains certain allegations that could create a claim as to one of the individual Plaintiffs against a particular municipality that would, in theory, satisfy the requirements of Article III.  However, as noted before, to the degree that the

proposed Amended Complaint seeks relief for the particular Plaintiffs allegedly harmed by the enforcement of a municipal ordinance, Plaintiffs have failed to correct the deficiencies already noted by the Court. Indeed, on close review, there are numerous issues with the proposed Amended Complaint that make amendment futile. First, there are abundant allegations within the proposed Amended Complaint that cannot form the basis for any liability for any of the named Defendants, as they fail to allege any specific conduct by any of the Defendants, or any actual harm caused to the Plaintiffs because of these alleged actions. In other words, the proposed Amended Complaint rarely references any specific acts alleged to have been committed by a Defendant against any specific Plaintiff. Therefore, Plaintiffs' proposed Amended Complaint still fails to provide sufficient allegations to put the Defendants fairly on notice of the claims against them so that they may adequately respond, making amendment futile. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).

There are, also, more specific issues with the proposed Amended Complaint that make amendment futile. First, Plaintiffs' allegations pertaining to New Brunswick are identical to the facts and claims alleged in their original Complaint. The Court has already ruled on and dismissed these claims as deficient under Rule 12(b)(6). Likewise, this Court has already dismissed North Brunswick as a defendant from this matter because of Plaintiffs' failure to include any factual allegations or claims pertaining to North Brunswick. Plaintiffs' proposed Amended Complaint fails to rectify this issue. Accordingly, the proposed Amended Complaint as it pertains to New Brunswick and North Brunswick is still inadequate under the Rules.

Further, to the degree that Plaintiffs are alleging claims under 42 U.S.C. § 1983 against the individual municipalities, they have failed to allege that there is any specific policy, regulation, or decision adopted by the municipality at issue that resulted in any of the alleged

Constitutional violations. *See McTernan v. City of York, Pa.*, 564 F.3d 636, 657 (3d Cir. 2009) ("[W]hen a suit against a municipality is based on § 1983 the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom."). Nor have Plaintiffs alleged that any of the municipalities inadequately trained their employees. *See Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (explaining that a municipality may be liable under § 1983 for failing to train its employees "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact."). The few allegations in the proposed Amended Complaint that could be construed as relating to such conduct are nothing more than legal conclusions that fail to provide any basis for § 1983 liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that a complaint does not reach the pleading standards of Rule 8 where it only "offers labels and conclusions" in support of a claim, or "if it tenders naked assertions devoid of further factual enhancement"). Accordingly, because the proposed Amended Complaint fails to provide sufficient factual basis for claims under § 1983 against the individual municipalities, amendment would be futile.

Finally, the proposed Amended Complaint fails to rectify the Rule 20 problem identified by the Court in its earlier Opinions. Plaintiffs appear to assert that they are properly joined by way of their general goals of having the State of New Jersey and its municipalities enforce their housing ordinances in a constitutional manner. As discussed, Plaintiffs lacks standing to bring such a suit. Insomuch as Plaintiffs desire to bring individualized claims alleging improper enforcement of a municipality's municipal code, these claims fail to meet Rule 20's requirements demanding that the claims arise out of the same transaction or occurrence *and* involve a question of common law or fact common to all plaintiffs. Contrary to Plaintiffs' assertions, the Court may

not simply join together distinct injuries committed by different defendants to different plaintiffs under different ordinances, even if there may be a common "theme" of unfairness in the eyes of the plaintiffs.  The purpose of Rule 20 is to promote economies of litigation, a purpose which is not served here where Plaintiffs' claims do not arise out of "the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a).  Rather, this action would inevitably break down into a series of mini-complaints, where each individual defendant would be defending against an individual plaintiff for an alleged wrong.  This would be an immense waste of judicial resources and is completely antithetical to the purposes of Rule 20.

In sum, Plaintiffs' Motion to Amend must be denied because their proposed amendments are futile.  It appears that the crux of Plaintiffs' proposed complaint is to seek a declaration from this Court that the "issues of 'Habitat' should be reflected in the implementation of the goals, standards, and enforcements by the State through the Department of Community Affairs, directed by their Commissioner and the local municipalities."  The Court, however, lacks jurisdiction over a complaint asserting a generalized grievance such as this.  Further, to the extent that Plaintiffs are seeking more individualized relief, their proposed Complaint fails to satisfy the pleading standards set forth in Rule 8.  Plaintiffs largely fail to allege any specific wrongful acts by a defendant that have caused actual injury to a specific plaintiff.  Further, Plaintiffs' claims against New Brunswick and North Brunswick are completely identical to the claims that the Court already found deficient in the original Complaint.  Finally, Plaintiffs have failed to provide any factual allegations to support their individual § 1983 claims against the municipalities at issue here.  For these reasons, Plaintiffs' motion must be denied.

<u>CONCLUSION</u>

For the forgoing reasons, Plaintiffs' motion for reconsideration must be denied.

Likewise, Plaintiffs' motion to amend must be denied as futile.  An appropriate order will follow.

The Court notes, in conclusion, that if individual Plaintiffs wish to bring a claim in the future relating to an actual injury suffered through the actions of any of the named Defendants, they may do so, but must abide by Rule 20.  Because the Court is not dismissing this action solely on a failure to abide by Rule 20's requirements, it need not sever this lawsuit into appropriate suits.  The Court cautions Plaintiffs, however, that in the future, they will not be permitted to file such omnibus actions.  Rather, Plaintiffs must file separate, individual actions against the proper defendants.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.